525 A.2d 483

Richard C. Skinner, Harry L. Rearick and David E. Ekelund *v.* NEA Cross Company and Board of Supervisors of Waterford Township and Zoning Hearing Board of Waterford Township. NEA Cross Company, Appellant.

Argued March 24, 1987, before Judges MACPHAIL and DOYLE, and Senior Judge KALISH, sitting as a panel of three.

*Robert W. Maris,* with him, *John Paul Garhart,* for appellant.

*Joseph A. Yochim, Colussi, Yochim, Skiba & Moore,* for appellee.

OPINION BY JUDGE MACPHAIL, May 11, 1987:

NEA Cross Company (Appellant) appeals here from an order of the Court of Common Pleas of Erie County which dismissed the Appellant's preliminary objections and enjoined Appellant from injecting salt brine in an injection well located on Appellant's property in Waterford Township (Township). We will vacate and remand.

This case began when Appellees, who are residents of the Township, filed an action in equity alleging that Appellant's activities were in violation of the Township's zoning ordinances. In their original complaint, Appellees sought injunctive relief and an order directing Appellant to apply for a zoning permit to bring it in compliance with the Township's zoning ordinances. On the same day the complaint was filed, Appellees also filed a motion for the issuance of a preliminary injunction.

A few days later, Appellees filed a petition for leave to amend their complaint. Appellant did not contest that petition and on October 17, 1985 the Chancellor granted the prayer of that petition and an amended complaint was duly filed.

On October 22, 1985, without a hearing, the Chancellor entered an order again granting Appellees leave to amend their complaint and denying their motion for a preliminary injunction.[1]

On November 27, 1985, the Chancellor, upon consideration of Appellant's preliminary objections and after oral argument but, again, without an evidentiary

---

[1] In support of its order, the trial court's opinion stated that "we find nothing in the Complaint or Amended Complaint which demonstrates that the Plaintiffs are presently suffering immediate and irreparable harm which would mandate the granting of a preliminary injunction." Slip op. of October 22, 1985 at 2.

hearing, and without reference to its prior order of October 22, 1985,[2] entered an order enjoining the Appellant from injecting salt brine in its injection well until such time as Appellant applied for an appropriate zoning permit.

Appellant thereupon filed a motion for an evidentiary hearing and for reconsideration of the November 27, 1985 order. In its order denying that motion, the Chancellor observed that the points raised in Appellant's motion were matters which would be addressed after Appellant sought a zoning permit.

Appellant's appeal to this Court followed. The Chancellor's memorandum opinion filed to comply with the provisions of Pa. R. A. P. 1925 states only that the November 27, 1985 order "is AFFIRMED for the reasons set forth in the Order entered that day."

On March 4, 1986, the Chancellor entered an adjudication and decree nisi "pursuant to Rule 1517 of the Rules of Civil Procedure" setting forth, *inter alia*, that "Defendant has admitted before this court on November 26, 1985 that this matter should properly be heard under the provisions of the Waterford Township Zoning Code and the Pennsylvania Municipal [sic] Planning Code.[3] The action of the Defendant, however, in failing to make application to the Zoning Hearing Officer of Waterford Township effectively precludes the Plaintiffs from pursuing their available remedies under those Codes." The decree stated in pertinent part that "[t]his *permanent* injunction shall continue until further order of this court."[4] (Emphasis added.) Pa. R. A. P. 1701(a),

---

[2] The same Chancellor presided in all of the proceedings and signed all of the orders in this case.

[3] The Pennsylvania Municipalities Planning Code, Act of July 31, 1968, P.L. 805, *as amended*, 53 P.S. §§10101-11202.

[4] The adjudication is found in the reproduced record at page 102a and was included as a part of the reproduced record at

with exceptions not applicable here,' prohibits ·a trial court from proceeding· in a matter where an appeal has been taken. We, accordingly, will ·restrict ourselves· to the matters of record prior to December 24, 1985, the date the instant appeal was taken.

, Appellant's sole argument is that the Chancellor erred in entering the order of November 27, .1985, which Appellant characterizes as a preliminary injunction, without notice, hearing or the requirement of a bond.

Appellees contend that the November 27, 1985·order was a permanent injunction and that no hearing was necessary inasmuch as Appellant's counsel stated *at oral argument* that· ·the matter should properly ·be heard under the provisions of the Township Zoning Code and the Pennsylvania Municipalities Planning Code.

· There. is no evidentiary record in this case whatsoever. We do not know what was· said ·at oral argument and, in the absence of a stipulation of·counsel and a consent decree, we doubt that counsel's statement,· even if made, would warrant the. grant of an injunction, permanent or temporary. Pa. R.C.P.· No. 1531, clearly provides that a preliminary injunction may. be entered *only* after written notice *and hearing* ·in the absence of special circumstances· not applicable here. Pa. R.C.P. No. 1501 is likewise clear that: an action in equity, except as otherwise provided, shall be *in* accordance with the rules relating to a civil action. In the.instant case,. there has. been ·no trial. Pleadings were filed after the appeal was taken· which would have put the matter at. issue. The Chancellor, on November 27, 1985, had nothing

Appellees' request. The docket entries accompanying the reproduced record and· .the original record indicate that on March 21, 1986 after post-trial motions were filed, the order entered November 27, 1985 was affirmed.

before him which would warrant summary judgment or judgment on the pleadings.

In sum, there is no basis for either a preliminary or a permanent injunction.

While the equitable powers of a court of common pleas are broad indeed, the maxim that equity follows the law cannot be overlooked. *First Federal Savings and Loan Ass'n v. Swift*, 457 Pa. 206, 321 A.2d 895 (1974). It follows that equitable powers must be exercised within the scope of the Rules of Civil Procedure which have the force of law. Pa. Const. art. V, §10(c). We hold that the Chancellor has overstepped those bounds.

We, accordingly, will vacate the order of November 27, 1985 and all orders entered subsequent thereto. The case will be remanded to the trial court for further proceedings to be conducted in accordance with the Rules of Civil Procedure.

## ORDER

The order of the Court of Common Pleas of Erie County entered November 27, 1985 is vacated. All orders of that court entered in this case subsequent to December 24, 1985 are likewise vacated. The case is remanded to the court of common pleas for further proceedings in accordance with the Rules of Civil Procedure.

Jurisdiction relinquished.